IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THEODORE M NICKENS,  :
      Plaintiff,  :
      v.  :  Case No. 3:05-cv-301-KRG-KAP
DAVID J. GOOD, WARDEN, S.C.I.  :
CRESSON, et al.,  :
      Defendants  :

## Report and Recommendation

### Recommendation

On March 22, 2007, I filed an Report and Recommendation, docket no. 39, in which I converted defendants Anton Skerl, M.D., P.A. Mark McConnell and P.A. Stephanie Hoover's motion to dismiss the Eighth Amendment claim to a motion for summary judgment, and directed the plaintiff to come forward with all evidence, see Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)(sua sponte order of summary judgment permitted so long as the parties are notified that they must come forward with all relevant evidence), from which he contends a conclusion can be drawn that the defendants deliberately disregarded his serious medical needs. Plaintiff responded by attaching exhibits to his objections to the Report and Recommendation, docket no. 40, and by filing a pleading docketed by the Clerk as a Supplement, docket no. 41. Having considered plaintiff's pleadings in their entirety, I recommend that summary judgment be granted to these three medical defendants.

### Report

To restate the necessary background, plaintiff is a diabetic incarcerated at S.C.I. Cresson since December 2004. He

avers that the medical care for his right wrist, which he alleges is affected by carpal tunnel syndrome, and the medical care for his feet, which are affected by his diabetes, is well below the care he received at S.C.I. Rockview and he was serving a federal sentence at F.C.I. Allenwood. Plaintiff alleges that he receives twice daily insulin injections and formerly was given special soft shoes, but S.C.I. Cresson issues him only standard shoes and will not provide him with special shoes. In his original complaint plaintiff alleged that his special shoes were sent home but that he was told he could wear them if he had them sent to him by his family and they passed security. Plaintiff does not make any further allegations about being prevented from having his family send his shoes.

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's serious medical needs. There is no dispute about the "serious medical need" element of plaintiff's claim. Defendants defend on the ground that they are not deliberately indifferent to plaintiff's diabetes because they see plaintiff every day and have judged that plaintiff does not need the special shoes or other medical treatment he seeks. (Specifically, plaintiff seeks to have his toenails clipped by a podiatrist because of the heightened risk of injury caused by his diabetes; defendants do not provide this

2

service. Plaintiff alleges that he cut his feet while cutting off a blister but was given nothing to keep his feet from becoming infected. Plaintiff does not allege that his feet actually became infected. Other than contending that he should wear his hand brace, plaintiff does not even allege what defendants should do differently about his alleged carpal tunnel syndrome.)

The "deliberate indifference" element of an Estelle v. Gamble claim to require proof that the defendant:

> knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order to survive summary judgment, therefore, plaintiff must show that defendants "know," not simply "ought to know," that plaintiff's diabetes (or carpal tunnel syndrome) is so severe that their treatment is inadequate. Plaintiff supplies several learned treatises (and a newspaper article) describing the complications from and proper care for diabetes, but does not link it to these defendants' care of his particular needs, much less to defendants' knowledge of plaintiff's particular needs.

Fed.R.Civ.P. 56(c) requires the entry of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An

3

issue of fact is genuinely disputed if the evidence is such that under the applicable substantive law a reasonable jury might return a verdict for the party with the burden of proof. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986). It is not sufficient for plaintiff to assert that in his 19 years in prison he has learned about proper diabetic care and that in his opinion defendants are not acting properly: even assuming plaintiff were qualified to be his own expert witness as to diabetes care, testimony that the defendants are not treating plaintiff's conditions properly would tend to prove a negligence claim under state law, but not a violation of the Eighth Amendment. The Eighth Amendment does not confine prison administrations to one course of treatment: so long as treatment decisions are being made in accordance with some professional judgment, prison officials are not deliberately indifferent. <u>See</u> <u>Gusman v. Bureau of Prisons</u>, ___ F.3d ___, 2007 WL 1433683 (3d Cir. May 16, 2007). Since all plaintiff's pleadings together show that at most there may be a dispute about the correctness of defendants' actions, and there is no evidence that defendants are not in fact using their professional judgment to treat plaintiff, summary judgment must be entered for the defendants. If plaintiff has a claim under state law for negligence he may file it in the appropriate state court.

4

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: May 29 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Theodore M. Nickens AY-4528
S.C.I. Cresson
P.O. Box A
Cresson, PA 16699-0001